UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTREZ LAMAR POLLARD,

        Petitioner,

v.

MATT MACAULEY,

        Respondent.

                          /

Case No. 2:19-cv-12293

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Autrez Lamar Pollard, a Michigan Department of Corrections inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Petitioner challenges his convictions for two counts of second-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520c. ECF 1, PgID 2. Petitioner was convicted following a jury trial in the Wayne County Circuit Court. *Id*. In his petition, filed through counsel, Petitioner raises claims concerning the trial court's denial of his request to refer to the lack of DNA evidence, his related adjournment request, and the validity of his sentence. *See* ECF 1. For the reasons set forth below, the Court will deny the habeas petition. The Court will also deny Petitioner a certificate of appealability and leave to appeal in forma pauperis

## BACKGROUND

The Court will rely on the Michigan Court of Appeals' recitation of the facts, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Petitioner was found guilty of "two counts of second-degree criminal sexual conduct." *People v. Pollard*, No. 336700, 2018 WL 3129688 at *1 (Mich. Ct. App. June 26, 2018). On the day of the incident Petitioner and his six-year-old biological daughter went to a relative's home. *Id*. During the evening, Petitioner and his daughter slept on a floor with several other adults and children in the same room. *Id*. During the night, Petitioner "ordered his daughter to remove her shorts and underwear and get on top of him." *Id*. Petitioner's daughter "testified that she felt his 'private part' touching hers, and that he also touched her 'butt' and 'private part' with his hands, and then kissed her on the mouth." *Id*.

Another adult in the room "heard the sounds of intimate kissing," took a phone "and, using it as a flashlight, saw [Petitioner] lying on his back with his daughter face down on top of him." *Id*. She also saw "[Petitioner's] scrotum and his daughter's panties on the floor." *Id*. The witness then woke the homeowners, who removed Petitioner's daughter and called the police. *Id*. Petitioner's daughter was examined at the hospital and swabbed for DNA evidence. *Id*.

At the final pretrial conference the prosecutor told the trial court that the DNA evidence was not yet available but that preliminary DNA evidence—which would indicate if male DNA was found—might become available before trial. *Id*. Petitioner requested to adjourn the trial until the DNA was available, but the trial court denied Petitioner's request, and "ordered that neither side was to mention DNA evidence" *Id*. The trial court "clarified that [Petitioner] could argue that there was no physical

evidence tying him to the alleged crime." *Id*. Petitioner was found guilty, and sentenced to 30 to 45 years in prison, "which was a substantial upward departure from the minimum guidelines range of 36 to 142 months." *Id*.

Petitioner appealed his conviction to the Michigan Court of Appeals and argued "that the trial court's refusal to allow any mention of the lack of DNA evidence violated his constitutional rights to a defense and a fair trial" and that "he [was] entitled to resentencing because his sentence . . . was unreasonable." *Id*. The appellate court denied relief and affirmed Petitioner's convictions. *Id*. at *5. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Pollard*, 503 Mich. 915 (2018). He then, through counsel, filed his federal habeas petition. ECF 1.

**LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") circumscribes the legal standard that federal courts apply when considering an application for a writ of habeas corpus. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under the statute, a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in [s]tate court proceedings" unless the state-court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States" or (2) made an unreasonable factual determination "in light of the evidence presented." 28 U.S.C. § 2254(d).

3

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision is contrary to federal law where the "state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Id.* at 405.

A state court decision unreasonably applies federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts." *Slaughter v. Parker*, 450 F.3d 224, 232 (6th Cir. 2006) (citing *Williams*, 529 U.S. at 407–08). "'[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams*, 529 U.S. at 410) (emphasis in original). Therefore, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The state courts' factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

4

## DISCUSSION

Petitioner raises two claims in his habeas petition. The Court will address each in turn.

I. <u>DNA Evidence and Related Adjournment</u>

First, Petitioner asserts that he is entitled to habeas relief because the trial court erred when it denied his request to raise the lack of DNA evidence issue at trial and when it denied his request for an adjournment. ECF 2, PgID 13–20.

The Michigan Court of Appeals addressed each of these claims in turn.

A. *DNA Evidence*

First, the Michigan Court of Appeals determined that any error with respect to the DNA evidence was plainly harmless. *Pollard*, 2018 WL 3129688 at *2. The court explained that "[d]uring the trial, a sexual-assault nurse examiner testified that she had swabbed the victim for DNA evidence. And consistent with the trial court's pretrial ruling, [Petitioner], without mentioning DNA in particular, was allowed to argue that no physical evidence tied him to the crime." *Id*. Petitioner's trial counsel also pointed out that "[t]here [were] no findings [related] to any physical connection in terms of the[] allegations that [were] set forth" and that there was no "scientific evidence." *Id*.

The state appellate court found that based on the evidence presented at trial, it was "reasonable to believe that the jurors were left with the impression that no DNA evidence connected [Petitioner] to the sexual assault." *Id*. The court concluded that Petitioner "failed to demonstrate that after examination of the entire record, it affirmatively [appeared] that it [was] more probable than not the assumed

5

evidentiary error was outcome determinative; there was no miscarriage of justice." *Id.* (quoting *People v. Lukity,* 460 Mich. 484, 495–96 (1999)).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69–70).

Accordingly, to the extent that Petitioner asserts that the trial court erred under Michigan law, he fails to state a claim upon which habeas relief may be granted. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner, however, also asserts that he was denied the right to present a defense. ECF 2, PgID 19. The right of an accused to present a defense has long been recognized as a "fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19 (1967). A defendant's right to present a defense is not unlimited, however, and may be subject to "reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). For example, a defendant "'does not have an unfettered right to offer

evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). In such cases, the question is not whether the jury would reach a different result, but whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)).

In the present case, Petitioner fails to show that the trial court's evidentiary ruling was fundamentally unfair or deprived him of the right to present a meaningful defense. The examining nurse testified that she swabbed the victim for DNA evidence, the jury was aware that the parties had the victim's medical records, and defense counsel argued that there was no physical or scientific evidence implicating Petitioner in the crime. *See Pollard*, 2018 WL 3129688 at *2. Petitioner fails to establish a violation of his due process right to present a defense.

Moreover, any error was harmless. A constitutional error that implicates trial procedures is considered harmless if it did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The jury in Petitioner's criminal case was well aware that there was no physical or scientific evidence implicating Petitioner in the crime, despite the fact that the defense could not specifically reference the lack of DNA evidence. *Pollard*, 2018 WL 3129688 at *2. The prosecution also presented significant evidence of Petitioner's guilt, including the victim's testimony and testimony from relatives who observed the

victim lying on top of Petitioner while both were not fully clothed and Petitioner's genitals were exposed. *Id.* at *1. Habeas relief is not warranted on Petitioner's due process claim that he was unable to reference the lack of DNA evidence because there was no substantial and injurious influence or effect.

*B. Adjournment*

With respect to the trial court denying Petitioner's motion to adjourn, the Michigan Court of Appeals determined that Petitioner failed to establish that he was prejudiced by the trial court's ruling "given that he communicated to the jury that there was no physical or scientific evidence connecting [him] to the offense, implicitly encompassing the DNA swab performed by the nurse examiner, yet he was still convicted." *Pollard*, 2018 WL 3129688 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. A trial court has broad discretion in determining whether to grant or deny a motion for a continuance or adjournment in a criminal case. *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances). When a habeas petitioner challenges the grant or denial of such a request, the Petitioner must demonstrate that there was not only an abuse of discretion but also that the trial court's decision was "arbitrary and fundamentally unfair that it violate[d] constitutional principles of due process." *Bennett v. Scroggy*, 793 F.2d 772, 774–75 (6th Cir. 1986) (quotations omitted). A trial court's denial of a continuance or adjournment request rises to the level of a federal due process violation only when

8

there is "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Morris*, 461 U.S. at 11–12 (quoting *Ungar*, 376 U.S. at 589). To obtain habeas relief, a petitioner must show that the denial of a continuance or adjournment resulted in actual prejudice to his defense. *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003). Actual prejudice may be demonstrated by showing that additional time would have made relevant evidence available or would have otherwise benefitted the defense. *Powell*, 332 F.3d at 396.

Petitioner fails to establish that he was prejudiced by the trial court's ruling. Despite the lack of adjournment to await DNA test results, the defense was able to inform the jury that there was no physical or scientific evidence implicating Petitioner in the crime. Moreover, Petitioner fails to show that the DNA test results would have been exculpatory or favorable for the defense. He offers no DNA reports or other evidence to support his claims. Conclusory allegations are insufficient to warrant federal habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Habeas relief is not warranted for Petitioner's adjournment claim.

II. <u>Sentencing Claim</u>

Second, Petitioner asserts that he is entitled to habeas relief because his sentence is disproportionate and constitutes an unwarranted and unjustified departure from the state sentencing guidelines. ECF 2, PgID 20–25. The Michigan Court of Appeals, however, denied Petitioner relief on his sentencing claim. It found

9

that the upward sentencing departure was reasonable and proportionate and that the sentencing court relied on the appropriate factors. *Pollard*, 2018 WL 3129688 at *3–5.

The state court's denial of relief is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. A sentence imposed within the statutory limits is generally not subject to federal habeas review unless Petitioner can show that the sentence imposed exceeded the statutory limits or was wholly unauthorized by law. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum sentence for second-degree criminal sexual conduct as a fourth habitual offender. *See* Mich. Comp. Laws §§ 750.520c, 769.12 (authorizing a sentence of life imprisonment or any term of years). Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that his sentence is disproportionate and an unwarranted upward departure above the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

To the extent Petitioner contests the state court's interpretation of state law regarding his sentencing and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 46 (2005). State courts are the final arbiters of state law and the federal courts will not intervene in such matters, *Lewis*, 497 U.S. at 780–81, So habeas relief does not lie for perceived errors of state law, *Estelle*, 502 U.S. at 67–68. Petitioner thus fails to state a claim on which federal habeas relief may be granted.

Petitioner also fails to establish that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (citations omitted). Petitioner's sentence of concurrent terms of 30 years to 45 years' imprisonment is within the statutory maximum of life imprisonment. The state trial court thus acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence to offend the Eighth Amendment.

To the extent Petitioner asserts that the trial court improperly considered his refusal to admit guilt in imposing his sentence, he is also not entitled to relief. In *Mitchell v. United States*, 526 U.S. 314 (1999), the Supreme Court held that the Fifth

Amendment right against self-incrimination prevents a sentencing court from drawing negative inferences from a defendant's silence in determining the facts relating to the circumstances of the crime. *Id.* at 328–29. The Supreme Court expressly declined to consider the questions of whether a defendant's silence bore upon a court's determination of lack of remorse or upon a defendant's acceptance of responsibility for the purpose of a downward departure under the federal sentencing guidelines because those questions were not at issue. *Id.* at 330.

In this case, the trial judge's remarks at sentencing reflect that he was concerned about the age of the victim and her relationship to Petitioner, the severity of the crime and its effects on the victim and other family members, and Petitioner's lack of remorse and capacity for rehabilitation, rather than penalizing him for any refusal to admit guilt at the time of trial or sentencing. *Pollard*, 2018 WL 3129688 at *4; *see Paluskas v. Bock*, 410 F. Supp. 2d 602, 615 (E.D. Mich. 2006) (denying habeas relief on a similar claim). Lack of remorse and potential for rehabilitation are appropriate sentencing considerations under Michigan law, *see People v. Houston*, 448 Mich. 312, 323 (1995), and are not precluded by federal law, *see In re Cook*, 551 F.3d 542, 551 (6th Cir. 2009) ("It is well established that a defendant's remorse—or lack thereof—is an appropriate consideration in meting out punishment."). The state trial court imposed a sentence based on the circumstances of the crime and other permissible considerations.

Nonetheless, a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation that the

defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741. To prevail on such a claim, a petitioner must show that the court relied on the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). Petitioner does not make the necessary showing. He had a sentencing hearing before the state trial court with an opportunity to challenge the sentencing information. He also had the opportunity to challenge his sentence on direct appeal. Petitioner fails to establish that the trial court relied on materially false or inaccurate information—or that he lacked an opportunity to correct any information—when imposing his sentence. Habeas relief is not warranted on Petitioner's sentencing claim.

III.   Certificate of Appealability and Pauper Status on Appeal

Before a petitioner may appeal a district court order, the Court must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate the denial, the applicant is required to show that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted). When a district court rejects a habeas petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the

[petitioner's] underlying constitutional claims, a [certificate of appealability] should issue." *Id.*

Here, the Court's analysis of Petitioner's claims was "rather straightforward," and no reasonable jurist would argue that Petitioner should be granted habeas relief. The Court will therefore deny Petitioner a certificate of appealability. *See Davis v. Rapelje*, 33 F. Supp. 3d 849, 865 (E.D. Mich. 2014). The Court will also deny Petitioner leave to appeal in forma pauperis as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager